# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DANIEL AND NATALIE DIEDRICH,**

    **Plaintiffs,**

    **v.**                                                                  **Case No. 13-CV-693**

**OCWEN LOAN SERVICING, LLC,**

    **Defendant.**

## DECISION AND ORDER ON PLAINTIFFS' MOTION FOR RECONSIDERATION

Daniel and Natalie Diedrich ("the Diedrichs"), filed a complaint against Ocwen Loan Servicing, LLC ("Ocwen"), alleging various claims arising from a loan modification agreement entered into between the Diedrichs and Ocwen. The Diedrichs moved for summary judgment as to liability on their 12 U.S.C. § 2605(e)(2) claim and on their Wis. Stat. § 224.77(1) claims. Ocwen moved for summary judgment on all of the surviving claims in the Diedrichs' amended complaint, pursuant to Wis. Stat. § 138.052(7), 12 U.S.C. § 2605(e)(2), and Wis. Stat. § 224.77(1). On April 24, 2014 I granted summary judgment in Ocwen's favor and dismissed the action. (Docket # 59.) Judgment was entered the same day. (Docket # 60.) Presently before me is the Diedrichs' motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b)(6). (Docket # 61.) For the reasons I explain below, the Diedrichs' motion is denied.

Fed. R. Civ. P. 59(e) allows a party to move the court to alter or amend a judgment within 28 days following the entry of the judgment. Rule 59(e) allows a court to alter or amend a judgment only if the plaintiff can demonstrate a manifest error of law or present newly discovered evidence. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). "A 'manifest error' is not demonstrated by

the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Relief under Rule 59(e) is an extraordinary remedy reserved for the exceptional case. *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

Fed. R. Civ. P. 60(b) sets forth a number of bases for relief, the only one applicable is the last: "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). While this language "suggests a broad catch all, the Seventh Circuit cautions that '[r]elief under this provision is an 'extraordinary remedy' and should be granted only in 'exceptional circumstances.'" *Walters v. Mayo Clinic Health System--Eau Claire Hosp., Inc.*, No. 12-CV-804, 2015 WL 1000015, *11 (W.D. Wis. Mar. 5, 2015) (quoting *Banks v. Chi. Bd. of Educ.*, 750 F.3d 663, 668 (7th Cir. 2014)); *see also Gonzalez v. Crosby*, 545 U.S. 524, 535(2005) ( "extraordinary circumstances" are required to justify reopening of a judgment under Rule 60(b)(6)).

The Diedrichs have not met the standard under either Fed. R. Civ. P. 59(e) or 60(b)(6). The Diedrichs do not present newly discovered evidence, nor do they show that I made a manifest error of law. Rather, the Diedrichs attempt to reargue the evidence and case law I already considered when I granted summary judgment in Ocwen's favor on the issue of damages under RESPA. The Diedrichs appear to argue that I erred by requiring them to prove damages rather than prove that a jury could find damages. (Docket # 62 at 3.) Summary judgment is the "'put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events.'" *Koszola v. Board of Educ. of City of Chicago*, 385 F.3d 1104, 1111 (7th Cir. 2004) (quoting *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003)). Most relevant

here, in *Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 693 (7th Cir. 2011), the Seventh Circuit found that plaintiffs must come forward with evidence sufficient to support an award of actual damages to pursue their RESPA claim. I found that the Diedrichs failed to do so. *Catalan* also states that a party seeking such damages must provide the court with a reasonably detailed explanation of the injuries suffered. *Id.* at 696. Once again, I found the Diedrichs failed to do so. Finally, I found the Diedrichs failed to show a causal connection between the RESPA violation and their emotional distress. The Diedrichs' disagreement with my reliance on *Catalan*, the controlling case on this issue, does not amount to a manifest error of law. Nor do the additional cases cited and discussed by the Diedrichs on pages seven through nine of their brief show a manifest error of law was made. (Docket # 62 at 7-9.) Contrary to the Diedrichs' assertion (Docket # 64 at 2), a Rule 59(e) motion is not an appropriate forum for rehashing previously rejected arguments. *See Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

The Diedrichs also disagree with my grant of summary judgment in Ocwen's favor on their claims under Wis. Stat. § 224.77(1). They cite *Avudria v. McGlone Mortgage Co. Inc.*, 2011 WI App 95, ¶ 24, 334 Wis. 2d 480, 802 N.W.2d 524, as the only case by a Wisconsin court to construe the definition of "aggrieved," which defines aggrieved as "one who suffered at least some actual injury or damage." *Avudria*, however, positively cites *Liebovich v. Minn. Ins. Co.*, 2008 WI 75, ¶¶ 36-37, 310 Wis. 2d 751, 751 N.W.2d 764, for its definition of aggrieved, which I cited and used as the standard for defining "aggrieved" under the statute. (Docket # 59 at 18.) The *Liebovich* court found "aggrieved" and "injured" to be "nearly synonymous." *Avudria*, 2011 WI App 95, ¶ 25 (quoting *Liebovich*, 2008 WI 75, ¶ 37). Thus, it is unclear how the Diedrichs' reliance now on *Avudria* shows a manifest error of law.

The Diedrichs further request that I relinquish jurisdiction over their state law claims under Chapter 224 of the Wisconsin Statutes. I properly retained jurisdiction over the remaining state law claims. Although "the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits," *Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994), this is not always so. The case law has established that one exception is when it is clearly apparent how the state claim is to be decided. *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007). This is not a case in which I was called upon to resolve a novel or complex issue of state law. The Diedrichs argue that there is little Wisconsin precedent on the meaning of the word "aggrieved" under Chapter 224 of the Wisconsin Statutes and that the "meaning of the statute is far from clear under Wisconsin law." (Docket # 64 at 2-3.) While there may be only one case, the one case, cited by the Diedrichs, is far from "unclear" as to the meaning of the word "aggrieved" under Chapter 224. In fact, as discussed above, the Wisconsin Court of Appeals in *Avudria*, 2011 WI App 95, ¶ 24, stated that the "plain language" of Wis. Stat. § 224.80(2) defines aggrieved as "one who suffered at least some actual injury or damage." Given how interwoven the Diedrichs' RESPA claim was with their Chapter 224 claims, it was proper to retain jurisdiction over the pendent state law claims.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiffs' motion for reconsideration (Docket # 61) is **DENIED**.

-4-

Dated at Milwaukee, Wisconsin this 8th day of July, 2015.

                                      BY THE COURT:

                                      *s/Nancy Joseph*
                                      NANCY JOSEPH
                                      United States Magistrate Judge

-5-

Case 2:13-cv-00693-NJ   Filed 07/08/15   Page 5 of 5   Document 65